## Lula Washington v. The State.

### No. 6831.    Decided April 5, 1922.

### Rehearing Denied April 26, 1922.

1.—Assault to Murder—Continuance—Motion for New Trial—Cumulative Testimony.

Where defendant's application for continuance was overruled, and the trial court qualified the bills of exception taken to the overruling of said application by saying that the testimony of the absent witness was cumulative, this was not sufficient reason for refusing a first application for continuance; but, in hearing the motion for new trial the court overruled the motion because the absent testimony would brobably not be true and would not have produced a different result, there was no reversible error.

2.—Same—Newly Discovered Evidence—Hearsay.

Where the affidavit consisted of hearsay evidence as to newly discovered testimony, there was no error in overruling same.

3.—Same—Rehearing—Conflict of Testimony—Question of Fact.

The conflict in the evidence are matters for the jury, who have before it the witnesses and after hearing them found against defendant's contention, and the motion for rehearing is overruled.

Appeal from the District Court of Sabine. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of assault to murder; penalty two years imprisonment in the penitentiary.

*King & Adams,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Sabine County of assault with intent to murder, and her punishment fixed at two years in the penitentiary.

A continuance was sought because of the absence of one Placker.

The application stated that this witness was subpœnaed on April 7, 1921 in Sabine county, and that on September 16, 1921 an alias subpœna was issued to Tyler county for him, which had not been returned; that on September 19, 1921, an attachment was asked for,—but to what county or whether issued does not appear from the record. The trial was had September 21, 1921. The motion for new trial was not acted upon until October 22, 1921.

There is no statement in the application for continuance, of any attendance of said witness at court in obedience to the summons of April 7th, mentioned above. We must presume that said witness did not attend court in obedience thereto. An attachment thus became available. None seems to have been issued till two days before the trial. This is not diligence. Vernon's C. C. P., pp. 307-313. The trial court qualifies the bill of exceptions taken to the overruling of said application for continuance by saying that the testimony of the absent witness was cumulative. Many authorities hold this not a sufficient reason for refusing a first application for continuance. Vernon's C. C. P., p. 217 for collated cases. Said application states that by Placker appellant expected to prove that said witness saw Beatrice Shannon, the alleged injured party, and two other women go up to appellant's gate and call her out, and that said Beatrice pulled off a picket and presented it as though she was going to strike appellant. Unfortunately this absent testimony is not in consonance with appellant's own evidence, but is contradictory of same. In her own behalf appellant swore that when she went to the gate the lie was passed between her and Beatrice, and that Beatrice tried to get a picket off of the fence and it would not come off, and that Beatrice grabbed appellant by the collar of her blouse and tore it off, and that she stuck her knife into Beatrice. We find these expressions in her testimony: "She was still trying to get the picket off when I cut her . . . She had me in my mittie blouse. I was forced to cut her. She tore my mittie blouse off. She held on to the picket and held me too, . . . She was trying to hold me until she could get the picket off the fence. When she grabbed me in my collar I opened the knife." Appellant also swore that Beatrice never did get the picket loose from the fence. Beatrice's son also said that his mother never did get the picket loose from the fence. A Mr. Alford testified for appellant that when Beatrice failed to get the picket loose from the fence she grabbed for a piece of iron before the two women clinched. An examination of the State's evidence demonstrates that there was no contention on the part of the State but that Beatrice did in fact grab for a picket. The State witnesses said that appellant was in the act of making an attack upon Beatrice, accompanied by threats, and that Beatrice tried to get the picket off the fence apparently to defend herself with, but that she was cut by appellant before she could get it loose.

We have set out this much of the testimony as showing that the statement in the application. that by the witness Placker appellant expected to show that Beatrice pulled off a picket and presented it as though she was going to strike appellant,—was entirely at variance with any other testimony in the case, and that when the trial judge was called upon to pass on appellant's motion for new trial, based in part upon a refusal of said continuance, he would have the right to conclude that had said witness been present he would not have given testimony such as was set out in the application for continuance. There would seem no question but that such conclusion on the part of said judge would have been correct, and whether his reason advanced for a given action was exactly in accord with what should have been his judgment, would not prevent this court, upon a review of the whole case, from rendering such judment as it deems correct in the premises.  Unless we conclude that the absent witness would have given the testimony set out in the application for continuance, and that it was material and probably true and would have likely produced a different. result, we should uphold the action of the trial court in refusing such continuance.

There were no exceptions to the charge of the court, and no bills of exception to the rejection or acceptance of any testimony.  But two bills of exception appear in the record, one of which is to the refusal of said continuance, and the other to the overruling of an amended motion for new trial.  One of the grounds of said motion was that of newly discovered evidence.  This consisted of an affidavit of a woman that she heard Beatrice Shannon say at a time prior to the difficulty with appellant, that she intended to whip appellant. We do not think this testimony of such materiality or weight as to call for the granting of a new trial.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

April 26, 1922.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing which substantially raises all of the questions presented upon the original appeal.  The main contention now made is that the evidence does not support the judgment finding appellant guilty of assault with intent to murder.  The conflicts in the evidence were matters for the jury, who had before it the witnesses and after hearing them found against appellant's contention.  Their finding seems amply supported, and the motion for rehearing will be overruled.

*Overruled.*